**STATE of Missouri, Respondent,**

v.

**Marvin James PERTUISOT, Appellant.**

**No. 38264.**

Missouri Court of Appeals,
St. Louis District,
Division One.

Feb. 1, 1977.

John Ashcroft, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., Ralph A. Dobberstein, Asst. Circuit Atty., St. Louis, for respondent.

Sestric, McGhee & Miller, Cynthia S. Holmes, St. Louis, for appellant.

CLEMENS, Presiding Judge.

In 1967 the trial court found defendant Marvin James Pertuisot not guilty of arson by reason of insanity. The court committed him to Fulton State Hospital pursuant to § 552.040, subd. 1, RSMo 1969. In 1975, contending he had recovered, defendant pe-

titioned the circuit court for release under paragraph 4. of § 552.040. After an evidentiary hearing defendant has appealed from the judgment denying relief.

Defendant contends here that the trial court erred in denying his release because the evidence of his present condition warrants release and also erred because he is no longer receiving proper treatment.

 Defendant produced the testimony of two hospital staff psychiatrists to support his petition for release. We have studied that testimony in detail and adopt the trial court's finding: "The court understands the testimony of Dr. Tellez to be that the patient has not recovered as provided in Section 552.040. The testimony of Dr. Lum is, to summarize, that he can be released conditionally, that he still has a psychotic condition with partial remission." Paragraph 2 of § 552.040, with our emphasis added, provides "No person shall be released from such commitment until it is determined through the procedures provided in this section that *he does not have and in the reasonable future is not likely to have a mental disease or defect rendering him dangerous to the safety of himself or others or unable to conform his conduct to the requirements of law.*" The statute was analyzed and construed by us in *State v. Montague,* 510 S.W.2d 776[4–6] (Mo.App. 1974) wherein we held "the statutory language used and the policy behind the law, as enunciated by the courts of other jurisdictions, place the burden of establishing facts to support release upon the applicant for such release. . . . We need not determine whether Montague has a mental disease or defect making him dangerous. We need only determine whether the evidence clearly establishes his freedom from such condition." Defendant Pertuisot has failed to meet his burden of showing freedom from mental disease as required by the quoted statute and his primary point is denied.

In his petition defendant contended he should be released because he "has received maximum benefit from the Fulton State Hospital." He expands on that plea

on appeal by contending for release on the ground "he is not receiving proper treatment." Assuming *arguendo* that defendant's point relied on is reviewable, it must be denied. *Factually* because Dr. Tellez testified defendant had improved and was continuing to improve and Dr. Lum testified defendant's condition was "schizophrenic in partial remission." And *legally* because § 552.040 does not authorize release for "improper treatment" but is limited to those defendants who are found to be so free of mental disease that they are no longer dangerous to themselves and others.

Judgment affirmed.

DOWD and WEIER, JJ., concur.