STATE of Missouri,
Plaintiff-Respondent,

v.

Walter JOHNSON, Defendant-Appellant.

Nos. 44027, 44158.

Missouri Court of Appeals,
Eastern District,
Division Four.

May 11, 1982.

Robert Babione, Public Defender, Leslie Edwards, Asst. Public Defender, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for plaintiff-respondent.

PUDLOWSKI, Judge.

In May, 1979, the circuit court of St. Louis City found appellant, Walter Johnson, not guilty by reason of mental disease or defect of the charges of attempted first-degree burglary and attempted sodomy. The court ordered appellant committed to the Department of Mental Health, pursuant to § 552.020(1) RSMo. (1978).

In October, 1980, appellant filed a petition with the circuit court for release from the custody of the Department of Mental Health, pursuant to § 552.040(4) RSMo. (1980). In January, 1981, the court held an evidentiary hearing and the next month denied appellant's petition for release.

Appellant contends the trial court erred in denying his petition because the only

evidence before the court established that appellant was not harmful to himself or others and that appellant could conform his conduct to the requirements of the law. He further contends that the denial of his application for release violated his due process rights and violated his right to equal protection under the law.

▪ Section 552.040 RSMo. (Supp.1980) provides that a person acquitted on the ground of mental disease or defect and subsequently committed to the director of the department of mental health may file an application for release in the court where he was tried. Subsection one mandates that no person shall be released from such commitment until it is determined that he does not have, and in the reasonable future is not likely to have a mental disease or defect rendering him dangerous to the safety of himself or others or unable to conform his conduct to the requirements of law. The burden of establishing facts to support release is upon the applicant for such release. *State v. Pertuisot*, 547 S.W.2d 192, 193 (Mo.App.1977). A trial court need not determine whether or not a patient has a mental defect which makes him dangerous. *Id.* A court's only determination in a hearing similar to the one below is whether or not the evidence offered clearly established appellant's freedom from such a condition. *Id.*

▪ Upon review of the testimony given by appellant's witnesses, we uphold the trial court's finding that appellant failed to meet the burden of proving he is free from a mental defect that makes him dangerous to himself or to others. Testimony by appellant's family members had little or no bearing on the question of whether or not appellant was free of any mental disease or defect. The pertinent testimony of appellant revealed that he was still under medication for his illness and that he had never administered the medicine to himself. He stated he felt as though he had to take the medicine.

Dr. D'Souza, a psychiatrist from Fulton State Hospital where appellant is a patient, was appellant's final witness. He testified that he spoke with appellant four times in the six months preceding the hearing. Dr. D'Souza had an interview with appellant one week before the trial. At the end of that interview, Dr. D'Souza diagnosed appellant as suffering from "paranoid schizophrenia in remission." He clarified that this meant the symptoms of appellant's illness were no longer present. He added, however, that there is no cure, strictly speaking, for the disease. Dr. D'Souza's conclusions that appellant would not be harmful to himself or others and that he could conform his conduct to the requirements of the law were qualified by the conditions that appellant remain in therapy and continue to take medication. Finally, the doctor opined that the ideal situation for appellant was for him to follow a gradual process of rehabilitation. One alternative in the process which the psychiatrist preferred would be for appellant to enter the rehabilitation program at Fulton as an in-patient.

It is the court and not a physician, relative or patient which must be convinced that no disease exists which makes appellant dangerous. *State v. Montague*, 510 S.W.2d 776, 779–780 (Mo.App.1974). Here, we agree with the trial court that the evidence was qualified and did not clearly establish freedom from such condition. We hold that the trial court was not in error in denying appellant's petition.

▪ We do not agree with appellant's second contention, that the trial court's denial of his application for release violated his due process and equal protection rights. Appellant's release is authorized only when the conditions of § 552.040(1) RSMo. (Supp. 1980) are met. *State v. Davee*, 558 S.W.2d 335, 339 (Mo.App.1977). The procedures provided for in the statute allow a committed person to petition a court for his release during the course of his commitment. § 552.040(4). The court below complied with the procedures set forth in the statute. In similar circumstances, the court in *State v. Davee, supra* at 340, concluded that the patient was not deprived of due process of

law or of equal protection under the law. We follow that decision.

Affirmed.

SMITH, P. J., and SATZ, J., concur.