STATE of Missouri,
Plaintiff-Respondent,

v.

Raymond PEDERSEN,
Defendant-Appellant.

No. 13011.

Missouri Court of Appeals,
Southern District,
Division One.

April 22, 1983.
Rehearing Denied May 6, 1983.

John D. Ashcroft, Atty. Gen., Carrie Francke, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Chris Hoberock, Ewing, Carter, McBeth, Smith, Gosnell, Vickers & Hoberock, Nevada, for defendant-appellant.

TITUS, Judge.

Defendant appeals from denial, after evidentiary hearing, of his application to the Circuit Court of Greene County for an order releasing him from the care and custody of the director of the department of mental health and from the care and custody of the superintendent of the Nevada State Hospital where he was then confined. § 552.-040–4.[1]

Defendant was charged with second degree murder for killing his wife on December 21, 1977. Pursuant to § 552.030–2, defendant and his counsel filed "Notice of No Defense Except Not Guilty by Reason of Mental Disease or Defect." The state ac-

cepted the defense. The court found defendant not guilty by reason of mental disease or defect excluding responsibility, and per § 552.040–1, ordered him committed to the director of the department of mental health on February 2, 1979.

On January 4, 1982, defendant filed an amended application pursuant to § 552.-040–4 seeking an order releasing him from custody and on January 6, 1982, the prosecuting attorney filed an objection to defendant's release. A hearing was held on the application on November 3, 1982, and a Springfield psychiatrist and defendant were the only witnesses heard. The doctor had examined defendant on three occasions, i.e., (1) March 1978, (2) December 1980 and (3) June 1982. As a result of the 1978 examination defendant was diagnosed by the doctor as suffering from paranoid schizophrenia. The 1980 examination indicated to the doctor that defendant's mental condition was then in remission or improving. As a result of the third examination in June 1982 the doctor concluded that based upon reasonable medical and psychiatric certainty defendant did not have or in the reasonable future was not likely to have a mental disease or defect rendering him dangerous to the safety of himself or others. However, he also stated that he could not guarantee this was so.

The psychiatrist confirmed that defendant had been committed to mental hospitals on four occasions prior to his commitment on February 2, 1979. In each of the four former commitments he was diagnosed as suffering from paranoid schizophrenia, which was also the diagnosis made when defendant was examined after being charged with murdering his wife. The doctor opined that each hospital commitment came when defendant "was suddenly taken out of a structured environment having to fend on his own." The psychiatrist, in answering a court question concerning the doctor's thoughts as to whether the defendant should be conditionally or unconditionally released, stated: "I would not mind at all to recommend that maybe I see him for a period of six months, maybe once ... a

1. Statutory references are to Missouri Revised Statutes, V.A.M.S.

month or however often is indicated.... To, uh, kind of keep an eye on him."

In testifying, defendant indicated that part of the reason he killed his wife was that he was under a "marital situation" or stress, and indicated, to no one's surprise, that such a situation no longer existed.

 One who has been criminally committed to the director of the department of mental health cannot be released therefrom until the court finds "that he does not have and in the reasonable future is not likely to have a mental disease or defect rendering him dangerous to the safety of himself or others or unable to conform his conduct to the requirements of law." § 552.040–1. Also, the burden of establishing facts to support such a release is upon the applicant thereof and the court nisi need not determine whether the patient has a mental disease or defect which makes him dangerous, but, rather, need only determine whether the proffered evidence clearly establishes the applicant's freedom from such condition. *State v. Johnson,* 634 S.W.2d 231, 232[1] (Mo.App.1982). "Likewise, the trial court may properly require more evidence than psychiatric opinion before concluding that an application for release from a state mental hospital should be granted" [*State v. Davee,* 558 S.W.2d 335, 338[2] (Mo.App. 1977)], because, inter alia, the trial court, as the trier of the facts, has leave to believe all, part or none of the testimony of any witness. *State v. Lieberknecht,* 608 S.W.2d 93, 98[3] (Mo.App.1980).

The instant cause concerns the fifth time defendant has been institutionally committed because he was suffering from paranoid schizophrenia. Apparently and obviously, he was released the first four times upon some evidence (subsequently proved false by the necessity of the next commitment) that his condition was in complete remission or that he did not have or in the reasonable future was not likely to have a mental disease or defect rendering him dangerous to the safety of himself or others. It is little wonder, therefore, that the psychiatrist who testified in defendant's behalf, hedged his diagnosis by asserting that he could not guarantee the same. The doctor was of the opinion that defendant's hospitalizations came about when he had to fend on his own because of being removed from "a structured environment," which was exactly what he proposed should happen to defendant. The law does not require us to determine whether defendant has a mental disease or defect making him dangerous. Rather, we need only determine whether the evidence clearly and obviously established his freedom from such condition. We hold it does not. Albeit the opinion of the psychiatrist is entitled to weight, the ultimate decision is vested in the trial court and it is solely upon its findings that the law's requirements have been met that release can be granted. A trial judge may properly require more than a psychiatric opinion and defendant's testimony before concluding that an application for release from custody should be granted. *State v. Montague,* 510 S.W.2d 776, 779–780 (Mo. App.1974).

Judgment affirmed.

FLANIGAN, P.J., GREENE, C.J., and CROW, J., concur.

