**STATE of Missouri, Respondent,**

**v.**

**Yvette QUILLAR, Appellant.**

**No. WD 36160.**

Missouri Court of Appeals,
Western District.

Dec. 26, 1984.

Joseph H. Locascio, Sp. Public Defender, Kansas City, Stephanie Warmund, Certified Law Intern, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, P. Ann Dirks, Asst. Atty. Gen., Kansas City, for respondent.

Before KENNEDY, J., Presiding, and DIXON and CLARK, JJ.

DIXON, Judge.

Quillar appeals from the denial, after an evidentiary hearing, of her application for conditional release, Section 552.040 RSMo (Supp.1984), from the St. Joseph State Hospital. Appellant was committed to the custody of the director of the Department of Mental Health of the State of Missouri following the state's acceptance of the defense of mental disease or defect excluding criminal responsibility pursuant to Section 552.030.2 RSMo (Supp.1984). The circuit court denied the application for conditional release. The judgment is affirmed.

Quillar was charged with first degree murder and pled not guilty by reason of mental disease or defect, pursuant to Section 552.030.2 RSMo (Supp.1982) in January 1983. The state accepted the defense. The circuit court found appellant not guilty by reason of mental disease or defect excluding responsibility, and ordered her committed to the director of the Department of Mental Health on January 21, 1983. Section 552.040.1 RSMo (Supp.1984).

The chief of staff of St. Joseph State Hospital filed an application for conditional release on Quillar's behalf on May 24, 1984. The circuit court conducted a hearing at which two expert witnesses from the Missouri Department of Mental Health testified regarding Quillar's present mental condition. Michael Crampton, the treating psychologist, testified that she did not then have, nor was likely to have in the reasonable future, a mental disease or defect rendering her dangerous to the safety of herself or others, or unable to conform her conduct to the requirements of law. Crampton testified that he had treated Quillar for a year prior to the hearing, and had administered various psychological tests, including the Minnesota Multiphasic Personality Inventory test, on three separate occasions. He opined Quillar was an

"aggressively assertive" person with "high energy" and recommended a period of adjustment after her release, in a structured environment, with professional counseling, to enable her to reenter society.

Dr. Renendra Ghosh, a psychiatrist at St. Joseph State Hospital, then testified that Quillar is free from mental disease or defect, is no longer on antipsychotic medication, and is unlikely to relapse into dangerous behavior. He indicated that her problems had been precipitated by drugs, especially PCP, which can lead to acute psychosis. Ghosh also testified that Quillar would need continued counseling after release to help her adapt to a new way of life and prevent further involvement with illegal drugs. Both experts stated that her mother could provide the type of structured environment that would be conducive to a successful reentry into society, but neither were acquainted with her mother. Dr. Ghosh recommended that Quillar receive outpatient care. He indicated that such care would be provided by the Community Placement organization of Western Missouri Mental Health. However, no one from Community Placement had evaluated Quillar at that time.

On appeal, Quillar argues that the trial court erred in denying her application for conditional release because the evidence demonstrated that she does not have and in the reasonable future is not likely to have mental disease or defect rendering her dangerous to the safety of herself or others or unable to conform her conduct to the requirements of law. Section 552.040 RSMo (Supp.1984). She suggests that she met all of the requirements for release with expert psychiatric testimony, and the court erred by determining that her release would not be successful.

 One who has undergone a criminal commitment cannot be released unless a court finds "that he does not have and in the reasonable future is not likely to have a mental disease or defect rendering him dangerous to the safety of himself or others or unable to conform his conduct to the requirements of law." *State v. Davee,* 558

S.W.2d 335, 338 (Mo.App.1977); Section 552.040.1 RSMo (Supp.1984). The burden is on the applicant for conditional or unconditional release to establish facts to support the release. *State v. Johnson,* 634 S.W.2d 231, 232 (Mo.App.1982); *State v. Montague,* 510 S.W.2d 776, 779 (Mo.App. 1974). The circuit court is not required to determine if the patient has a mental disease or defect that makes him dangerous, but need only determine if the proffered evidence clearly establishes his freedom from that condition. *Johnson,* 634 S.W.2d at 232. The court, not the treating physician, must be convinced that the applicant is free from dangerous mental defect. The court must ultimately decide whether the evidence presented clearly establishes that the conditions for release, prescribed by Section 552.040, have been met. *Johnson,* 634 S.W.2d at 232; *Davee,* 558 S.W.2d at 339. At the hearing, the court may properly require more evidence than a psychiatric opinion before concluding that the application for release should be granted. *Davee,* 558 S.W.2d 335, 338; *Montague,* 510 S.W.2d 776, 780.

 The circuit court's decree must be affirmed unless it (1) has no substantial evidence to support it, (2) is against the weight of the evidence, or (3) erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). The court may choose to believe or disbelieve all or any part of the witness's testimony and may find the plaintiff failed to meet the burden of proof even though his evidence was uncontradicted. *State v. Pederson,* 651 S.W.2d 639, 641 (Mo.App. 1983). The lower court's holding will not be disturbed unless this court is left with the definite and firm conviction that the holding was wrong. *Murphy v. Carron,* 536 S.W.2d at 32.

The circuit court stated, "The question is whether or not there is any reasonable chance that she's going to succeed," and went on to find that Quillar had not presented evidence indicating a reasonable chance of her success in making the readjustment to society. Quillar argues that

this demonstrates that the trial court decided the case on the wrong ground. The contention is that the trial court had no basis to refuse release because of such a concern but must release when the only expert evidence was that she was free from mental disease or defect.

■ First of all, the court was not bound to accept the expert testimony in this case since it was not directed to scientific fact. *J.L.P.(H.) v. D.J.P.*, 643 S.W.2d 865 (Mo. App.1982). Most importantly, however, conditions of release were relevant to the issue.

■ Section 552.040.4 requires that the trial court grant or deny the application for a conditional release pursuant to the provisions of Section 632.385 RSMo (Supp.1980). Section 632.385.3 RSMo (Supp.1980) mandates that the agency under whose supervision the patient is placed agree in writing to assume that responsibility and submit a copy of the conditions for release to both the patient and the court. There was no evidence of an agency's agreement to supervise Quillar's treatment and the court specifically noted never receiving a plan of the conditions for Quillar's release. Quillar failed to meet the Section 552.040 burden of proof because both Mr. Crampton and Dr. Ghosh recommended continued supervision and outpatient treatment of Quillar and because Quillar provided no evidence about where she would live and the treatment she would receive after release. Judgment affirmed.

All concur.