STATE of Missouri, Respondent,

v.

David Michael SEIDT, Appellant.

No. WD 43238.

Missouri Court of Appeals,
Western District.

March 26, 1991.

John H. Norton, Norton, White & Norton, Kansas City, for appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P.J., and LOWENSTEIN and BRECKENRIDGE, JJ.

TURNAGE, Presiding Judge.

David Seidt was found to be a criminal sexual psychopath, § 202.700 to § 202.770, RSMo 1969, in November, 1977. Seidt filed his petition for release in February, 1989, and the court denied the motion. Seidt contends the judgment is not supported by the evidence and that because a psychiatrist testified that he should be released the court erred in refusing to order his release. Affirmed.

Seidt was charged with forcible rape which occurred in May, 1977. Between January, 1977, and May, 1977, Seidt committed five rapes. A petition was filed in November, 1977, seeking to have Seidt declared a criminal sexual psychopath. Two psychiatrists testified that Seidt should be declared a criminal sexual psychopath and receive treatment for that condition. The court found Seidt to be a criminal sexual psychopath and ordered him committed.

In January, 1980, Seidt filed a petition for release and the court ordered Seidt released on probation for five years. In October, 1984, Seidt was arrested after breaking into a home in Kansas City and attacking a woman. Thereafter, the court revoked Seidt's probation and committed him to the custody of the Department of Mental Health.

In February, 1989, Seidt filed his petition for release. At the hearing held on that petition a social worker from the St. Joseph State Hospital testified that Seidt had been a cooperative patient and had not violated any rules. Seidt's wife testified that she desired to have Seidt at home. Thereafter, the court ordered the Director of the Department of Mental Health to designate two members of his staff to examine Seidt and determine his present mental condition. The reports of those examinations were filed. Both reports recommended that Seidt be given a conditional release. Neither report gave an opinion of whether Seidt would pose a danger to society outside of the controlled environment of the state hospital.

The court entered extensive findings of fact and conclusions of law which recited the extensive history of Seidt, including his

numerous sex crimes. The court noted that the Department of Mental Health had been wrong in 1980 when it recommended that Seidt be released, and concluded that the court believed the Department was wrong again when it recommended that Seidt be released in this proceeding. The court noted that when released Seidt would have access to pornography, drugs, and alcohol which had all played a significant role in his deviate sexual behavior. The court found that Seidt's proposed employment with a carpet store in Kansas City would allow him access to private homes where he has, in the past, committed bizarre sexual acts.

Seidt first contends that the State did not produce any evidence to show that his release would not be incompatible with the welfare of society and therefore the judgment is not supported by evidence and must be reversed. Seidt's petition for release was filed under § 632.475, RSMo 1986, which provides that persons committed as criminal sexual psychopaths under statutes in effect prior to August 13, 1980, shall remain committed, but may file a petition setting forth facts showing that the person has improved to the extent that his release "will not be incompatible to the welfare of society." In *State v. Lieurance,* 780 S.W.2d 692, 695 (Mo.App.1989), the court held that review of a judgment entered on a petition for release pursuant to § 632.475 is governed by *Murphy v. Carron,* 536 S.W.2d 30, 32[1–3] (Mo. banc 1976). In *State v. Quillar,* 683 S.W.2d 656, 658[5–7] (Mo.App.1984), this court held that the trial court may choose to believe or disbelieve all or any part of a witness' testimony and even though the proof be uncontradicted may find that the party has failed to meet its burden of proof. In *State v. McDaniels,* 307 S.W.2d 42, 46 (Mo. App.1957), this court held that in a hearing pursuant to § 202.720 to determine whether the defendant was a criminal sexual psychopath, the trial court was not compelled to adopt the opinion of the doctors or to follow their recommendation even though their testimony was uncontradicted.

There is no doubt that in court tried cases the court is free to believe or disbelieve the evidence of any witness. As the above cases indicate, the court in this case was not obliged to believe the opinion of the physicians even though there was no evidence to the contrary. The court was free to find that the Department was wrong in its opinion that the Seidt release was not incompatible to the welfare of society.

Seidt next contends that he was entitled to release because § 632.475.2 provides that a hearing on the petition for release shall be in all respects like the original hearing under § 202.720 and because one physician testified that he should be released, the court was required to order his release. Section 202.720.4 provides that if the report of at least one examining physician establishes the fact of a mental disorder the court shall order a hearing on the petition to declare the defendant a criminal sexual psychopath. Seidt argues from this provision that because one physician testified that his release was not incompatible with the welfare of society that he is entitled to release. Seidt overlooks that the opinion of one physician only requires a hearing under § 202.720, it does not require the court to take any particular act. Thus, even if the hearing on the petition for release is conducted like the original hearing, the testimony of one physician does not mandate an order of release.

Seidt also maintains that the standard governing release does not allocate the burden of proof and contends that the burden is on the State to prove that he should not be released. Illinois, under a similar statute, held that once a person has been adjudged sexually dangerous under the Illinois statute, that the burden of proof shifts to the defendant in subsequent proceedings to prove that he is no longer sexually dangerous. *People v. Sweeney,* 251 N.E.2d 897, 900[5], 141 Ill.App.2d 81 (1969). That holding is consistent with the rule in Missouri that the party asserting the affirmative of the issue bears the burden of proof. *Michaelson v. Wolf,* 364 Mo. 356, 261 S.W.2d 918, 924[5] (Mo.1953).

When Seidt filed a petition for release, he was asserting the affirmative of the issue and the burden was on him to prove the ground for release.

The burden was upon Seidt to prove that his release would not be incompatible with the welfare of society. The court found that he had not met his burden of proof. The judgment is affirmed.

All concur.