910 S.W.2d 294 (1995)
Alan WOLFE, et al., Respondents,
v.
STATE of Missouri, ex rel. MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION, Appellant.
No. WD 48467.
Missouri Court of Appeals, Western District.
September 19, 1995.
Motion for Rehearing and/or Transfer Denied October 31, 1995.
Application to Transfer Denied December 19, 1995.
*295 Samuel Preston Williams, Thomas E. Barzee, Jr., Kansas City, for appellant.
James Malcolm Slone, Kansas City, for respondents.
Before HANNA, P.J., and BRECKENRIDGE and ELLIS, JJ.
Motion for Rehearing and/or Transfer to Supreme Court Denied October 31, 1995.
BRECKENRIDGE, Judge.
The appellant, Missouri Highway and Transportation Commission (MHTC), appeals from a jury verdict awarding $203,184.00 to the respondents, R.E. Wolfe, Norma Wolfe, Alan Wolfe, and Hub Materials, Inc. (the Wolfes), in an inverse condemnation action. The Wolfes sued MHTC for the value of 101,592 tons of crusher rock belonging to the Wolfes, which MHTC acquired and used for the purpose of building a highway. Judgment was entered in favor of the Wolfes in the amount of $239,423.12, including interest.
MHTC raises three points on appeal. It claims that the trial court erred (1) in admitting into evidence portions of an order from an earlier condemnation proceeding which established the Wolfes' ownership of the crusher rock; (2) in refusing MHTC's offers of proof regarding two witnesses whose testimony was allegedly relevant to the affirmative defenses of abandonment, failure to exhaust administrative remedies and failure to mitigate damages; and (3) in denying MHTC's motions for directed verdict, because the evidence established as a matter of law that the Wolfes had no claim upon which relief could be granted.
In the early 1970's, respondent R.E. Wolfe acquired Stewart Sand and Material Company. The company engaged in underground rock mining at the northwest quadrant of Highway 291 and Truman Road in Independence, Missouri. The operations involved removing rock from below the surface, crushing it, and loading it onto a conveyor belt in order to transport it to a stockpiling area on Tract 4A. Two or three years after Stewart Sand and Material Company had been in operation, it was renamed Hub Materials, Inc. On August 31, 1974, the quarry operations halted, leaving a large portion of the crusher rock on Tract 4A. Throughout the years, trees, brush, and weeds spread into the rock.
Hub Materials filed Chapter 11 Bankruptcy in August 1987. When the corporation completed a schedule of its assets and liabilities, *296 it listed Tract 4A, but did not list the 101,592 tons of crusher rock piled on Tract 4A. Pursuant to an order by the United States Bankruptcy Court for the District of Kansas, Tract 4A was then acquired by Brotherhood Bank & Trust Company, a creditor of Hub Materials. Brotherhood Bank and Hub Materials entered into an oral agreement at that time, whereby Hub Materials retained ownership of the crusher rock on Tract 4A and was allowed to continue to stockpile rock on that property.
On April 16, 1990, MHTC filed a condemnation petition to acquire Tract 4A for the "construction and maintenance" of a highway intersection. The commissioner assessed damages at $319,000.00, and MHTC deposited that amount into the court registry. When MHTC took possession of the property it took the position that the crusher rock was a portion of the real property and that, in condemning Tract 4A, it had also obtained rights to the crusher rock atop the land. Therefore, when MHTC began construction on the highway on October 1, 1990, it utilized some of the crusher rock.
Since MHTC claimed rights to the crusher rock as well as Tract 4A, the Wolfes applied for apportionment of the condemnation award. On December 14, 1990, after a hearing, the Circuit Court of Jackson County, Missouri, entered an order determining that Brotherhood Bank was the fee simple owner of Tract 4A, and that the 101,592 tons of crusher rock constituted personal property belonging to the Wolfes. The judge held that Brotherhood Bank was entitled to the entire $319,000.00, since the condemnation proceeding dealt exclusively with real estate and the commissioners' award only considered the value of Tract 4A, not the crusher rock. The Wolfes did not have an interest in Tract 4A, so they were ineligible for the registry funds.
Thereafter, MHTC filed a motion for summary judgment or, alternatively, a motion to dismiss the Wolfes' exceptions to the commissioners' award. On April 5, 1991, the circuit court sustained MHTC's motion to dismiss the Wolfes' exceptions with prejudice. After being denied their request for a Writ of Prohibition and a Writ of Mandamus, the Wolfes filed an appeal from the order of dismissal. The appeal was dismissed on May 29, 1991, and the orders in the condemnation case became final.
The Wolfes then filed a petition for inverse condemnation in the Circuit Court of Jackson County on July 17, 1991. The petition sought damages for MHTC's use of the crusher rock which had been previously severed from and stockpiled on Tract 4A. A jury returned a verdict in favor of the Wolfes in the amount of $203,184.00. After calculating interest, the court entered judgment for the Wolfes in the amount of $239,423.12. MHTC appeals the award.
MHTC's appeal was entertained by this court and an original opinion issued. Thereafter, MHTC's Motion for Rehearing was sustained and the matter resubmitted. After considering the issues raised in the motion for rehearing, the court affirms the judgment.

I.
MHTC's first point contends the trial court erred in permitting the Wolfes, over MHTC's objection, to introduce into evidence Finding of Fact Number 5 ("Finding 5") and Conclusion of Law Number 2 ("Conclusion 2") from the December 1990 order in the condemnation proceeding. MHTC argues the admission of these statements was error because MHTC "was neither bound by nor collaterally estopped from contesting that finding and conclusion."
The December 1990 order apportioning the award in the condemnation case included six "Findings of Fact" and five "Conclusions of Law." Finding of Fact Number 6 was read to the jury at the request of MHTC. That finding stated MHTC and Brotherhood Bank had not prohibited or restricted the Wolfes from removing the crusher rock from Tract 4A. Finding 5 established that approximately 101,592 tons of crusher rock had been severed from Tract 4A. Conclusion 2 declared that the rock was personal property owned by the Wolfes.
MHTC did not object when Finding 5 and Conclusion 2 were read to the jury at trial. An objection to evidence must be made at *297 trial in order to preserve a claim of error. Cooper v. General Standard, Inc., 674 S.W.2d 117, 122 (Mo.App.1984). MHTC argues that it "timely and specifically" objected to the evidence in a pretrial hearing, and because the court's ruling on the objection was "definitive," MHTC was not required to object at trial. This court need not decide whether the failure to object at trial foreclosed appellate review, because MHTC never made a proper objection at the pretrial hearing.[1]
The pretrial hearing was held August 9, 1993, the morning of the first day of trial. At the start of the hearing, the trial court asked counsel for both parties whether they needed to "make a record" of the "discussions late last week regarding motions for partial summary judgment filed in behalf of the Plaintiff." These "discussions" were evidently held off the record. There are no motions either in support of or in opposition to partial summary judgment in the record on appeal, nor is there any written order by the trial court granting partial summary judgment to the Wolfes.
In response to the court's invitation to "make a record," counsel for the Wolfes stated his understanding was that "the Court has decided that the issue with respect to the amount of rock and the ownership of the rock has been predetermined by the Circuit Court." Counsel for MHTC responded, "[t]hat's not exactly my understanding, Your Honor, that the amount of the rock is predetermined, or as I mentioned that the Defendant is at all bound by the determination that that is personal property owned by the Plaintiffs."
MHTC cites this portion of the transcript as support for the proposition that it made a proper objection to the admissibility of Finding 5 and Conclusion 2. However, the statement by MHTC's counsel was not made as an objection to the admission of such evidence but as counsel's "understanding" of an earlier ruling by the court. That earlier ruling was the court's order granting partial summary judgment to the Wolfes, a matter not raised in MHTC's first point relied on, and therefore not presented for review. Mashburn v. Tri-State Motor Transit Co., 841 S.W.2d 249, 252 (Mo.App.1992).
The only objection MHTC made to the admission of Finding 5 and Conclusion 2 occurred later in the pretrial hearing. When the Wolfes' attorney proposed reading the two statements to the jury, MHTC's attorney stated, "[it]'s not without objection, Your Honor. Paragraph 5 is the factual determination of quantity. And Conclusion of Law No. 2 that the Wolfes, Plaintiffs, are the owners. That is our objection." The trial court noted MHTC's "generic" objection and asked if "specifically" there was any other objection. MHTC's attorney replied, "No, Your Honor."
Unless there is a specific objection to evidence which contains the proper ground for its exclusion, nothing is preserved for review. Johnson v. National Super Markets, Inc., 752 S.W.2d 809, 813 (Mo.App. 1988). The objection by MHTC not only failed to provide specific grounds for excluding Finding 5 and Conclusion 2, it failed to mention collateral estoppel, the very issue raised in MHTC's first point. This general objection does not preserve for review the issue of whether MHTC is bound by or collaterally estopped from contesting Finding 5 or Conclusion 2. Because the claim of error in MHTC's first point is not preserved, the point is denied.

II.
In its second point on appeal, MHTC argues that the trial court prejudicially erred in refusing to admit in evidence MHTC's offers of proof from witnesses Larry Olinger and *298 James Ethern. The appellant claims that their testimony was necessary and relevant to the affirmative defenses of abandonment, failure to exhaust administrative remedies and failure to mitigate damages. MHTC also asserts that the court erred in refusing to admit into evidence the exhibits to which Mr. Olinger and Mr. Ethern would have referred. These exhibits, numbered 45, 47, 48 and 49, all pertain to the possible removal of crusher rock from Tract 4A.
MHTC mentions mitigation of damages in its Point Relied On, but ignores the issue in the argument portion of its brief. Accordingly, this claim of error is considered abandoned and will not be addressed. Saunders-Thalden v. Thomas Berkeley, 825 S.W.2d 385, 387 (Mo.App.1992). In addition, on its claim of error concerning failure to admit evidence on relocation as proof of MHTC's affirmative defenses of abandonment and failure to exhaust administrative remedies, MHTC's brief does not comply with Rule 84.04(d). The brief asserts in point two that the court erred in not admitting evidence pertaining to the Wolfe's failure to pursue relocation benefits and, in point three, that the trial court erred in failing to direct a verdict for MHTC on its affirmative defense of failure to exhaust administrative remedies.
For these claims of error to be meritorious there must be a finding that there was an administrative remedy applicable to the Wolfes which they were required to exhaust, but did not. In MHTC's brief, however, it refers only to the statutory provisions for relocation assistance in toto, "Section 523.200, R.S.Mo., et seq. and 42 U.S.C. Sections 4621-4623," and does not identify or apply to the facts of this case any specific statutory provisions or regulations. MHTC admitted in its petition that it had received federal funding for the construction and improvement of the subject highway, indicating that federal law applies. Section 523.205.1, RSMo 1994, seems to suggest, however, that the state commissioner may be responsible for coordinating federal relocation procedures when federal funding has been provided. It reads:
Any public agency as defined in section 523.200 which is required, as a condition to the receipt of federal funds, to give relocation assistance to any displaced person is hereby authorized and directed to give similar relocation assistance to displaced persons when the property involved is being acquired for the same public purpose through the same procedures, and is being purchased solely through expenditure of state or local funds.
Hence, it is unclear which statutory and regulatory provisions, the federal, the state, or both, would apply in determining the relevant administrative remedies. Although MHTC's regulations on relocation may have provided guidance, CSR 10-4.020 is not published in the Code of State Regulations, as the Secretary of State determined that it was "unduly cumbersome." Without further direction from the appellant, it is impossible for this court to properly review the alleged error.
MHTC has violated Rule 84.04(d) by providing only general statements of error without reference to specific authorities supporting its argument. MHTC has, accordingly, preserved nothing for review. See Inman v. Reorganized School Dist. No. II, 845 S.W.2d 688, 694 (Mo.App.1993). It is not the function of the appellate court to make an appellant's case when the appellant has failed to do so. In re Estate of Caldwell, 794 S.W.2d 257, 261 (Mo.App.1990). Since MHTC's claims of error for failure to admit evidence on its affirmative defenses of abandonment and failure to exhaust administrative remedies all relate to the exclusion of evidence concerning relocation, point two is denied.

III.
MHTC contends, as its third point, that the trial court prejudicially erred in denying MHTC's motions for a directed verdict, because the evidence established as a matter of law that the Wolfes had no claim upon which relief could be granted. In making this argument, MHTC claims (1) that the Wolfes did not own the crusher rock after Tract 4A was transferred to Brotherhood Bank, and that MHTC has already paid for *299 and acquired the crusher rock through condemnation; (2) that, if the Wolfes did own the crusher rock, they abandoned it by failing to list the rock as a separate asset during the Bankruptcy proceedings, by failing to properly reserve ownership when Tract 4A was transferred, and by failing to exercise the administrative remedy of relocation; and (3) that the Wolfes failed to exhaust their administrative remedies for compensation of the crusher rock.
In reviewing the denial of a directed verdict, courts examine evidence in the light most favorable to the verdict, giving the prevailing party the benefit of all reasonable inferences which may be logically drawn from the record. Scott v. Car City Motor Co, Inc., 847 S.W.2d 861, 864 (Mo.App.1992); Aubuchon v. Hyland, 820 S.W.2d 613, 615 (Mo.App.1991). Specifically, the court of appeals reviews the evidence presented at trial to determine whether the plaintiff introduced substantial evidence which tends to prove facts essential to his or her recovery. If such evidence was presented, the denial of a directed verdict will be upheld on appeal. Bequette v. Buff, 862 S.W.2d 921, 922 (Mo. App.1993); Aubuchon, 820 S.W.2d at 615. The essential question in this case, therefore, is whether the Wolfes introduced substantial evidence to support their claim for inverse condemnation.
When a governmental agency acquires private property without formally exercising its power of eminent domain, the owner of that property has the right to compensation by way of an inverse condemnation action. Dulany v. Missouri Pacific R. Co., 766 S.W.2d 645, 648 (Mo.App.1988). "To state a claim for inverse condemnation, a plaintiff must allege his [or her] property was taken or damaged by the state for public use without just compensation."[2]Harris v. Missouri Dept. of Conservation, 755 S.W.2d 726, 729 (Mo.App.1988). See also Page v. Metropolitan St. Louis Sewer District, 377 S.W.2d 348, 354 (Mo.1964). One need only "plead and prove `an invasion or an appropriation of some valuable property right which the landowner has to the legal and proper use of his property, which invasion or appropriation... directly and specially affect[s] the landowner to his injury.'"[3]Harris, 755 S.W.2d at 729 (quoting Roth v. State Highway Commission, 688 S.W.2d 775, 777 (Mo. App.1984)).
In its pleadings, the Wolfes complied with the requirements for an inverse condemnation action. They alleged that they owned the crusher rock, that it had value, that MHTC had used it for a public highway project, and that MHTC had effected "an unconstitutional taking ... without formal condemnation or payment of compensation of an interest in plaintiffs' property."
Likewise, at trial, the Wolfes presented substantial evidence to prove such accusations. First, through the order for distribution in the condemnation case, the Wolfes established their ownership of the crusher rock. They also presented testimony by Mr. Wolfe and a construction expert to confirm that the crusher rock had value. Additionally, the Wolfes pointed out that, in MHTC's answer to the pleadings, MHTC admitted to using the crusher rock in a highway project and acknowledged that it had not paid nor offered to pay for the crusher rock, because it believed that no taking had occurred. This supports a finding of a lack of just compensation. As further proof, however, the distribution order confirmed that the Wolfes did not receive any compensation for their personal property, since all of the registry money went to Brotherhood Bank, the fee simple owner of Tract 4A. Viewing the evidence in the light most favorable to the verdict, the Wolfes submitted substantial evidence tending *300 to prove the facts necessary for their recovery.
Nevertheless, MHTC claims that it was entitled to a directed verdict because it proved its affirmative defenses of abandonment and failure to exhaust administrative remedies as a matter of law. Since this court found in point two that MHTC failed to preserve its claims of error based upon failure to exhaust administrative remedies, such issue will not be addressed in point three.
In order to prove that it was entitled to a directed verdict on its affirmative defense of abandonment, MHTC had to present undisputed evidence proving that the Wolfes abandoned the crusher rock. MHTC's motion for directed verdict should only have been granted if there were no factual issues remaining for the jury to decide. Jerry Anderson & Assoc. v. Gaylan Ind., 805 S.W.2d 733, 735 (Mo.App.1991).
The elements of the affirmative defense of abandonment and the standard of proof required were outlined in Hoffman Management Corp. v. S.L.C., 800 S.W.2d 755, 762 (Mo.App.1990), as follows:
Abandonment consists of two elements: (1) an intent to abandon, and (2) the external act by which the intention is carried into effect. Both elements must be present or there can be no abandonment. Abandonment must be proven by the party relying on it and ordinarily, it will not be presumed if the conduct of the owner can be explained consistently with a continued claim. The evidence to support the claim of abandonment must be clear, unequivocal and decisive.
(citations omitted). MHTC points to evidence which it claims establishes the requisite intent of the Wolfes to abandon the crusher rock, but ignores the Wolfes' evidence to the contrary. The parties presented contradictory evidence as to the intention of the Wolfes with regard to the crusher rock. The conflicting testimony created disputed issues of fact which prevented MHTC from being entitled, as a matter of law, to a directed verdict on its affirmative defense of abandonment. The trial court did not err in denying MHTC's motion for a directed verdict on the issue of abandonment. Point three is denied.
The judgment is affirmed.
All concur.
NOTES
[1] MHTC claims even if it failed to properly object to the admission of Finding 5 and Conclusion 2, "the issue of [the Wolfes'] ownership of the crusher rock" is "within the purvue [sic] of the defense of failure to state a claim upon which relief could be granted." In their first amended petition, the Wolfes pled they were owners of 101,592 tons of crusher rock. Any error in the admission of Finding 5 and Conclusion 2 would not affect the sufficiency of the petition to state a claim upon which relief could be granted, but rather the evidence necessary to support the claim. Accordingly, the point must be preserved for review. See Grippe v. Momtazee, 696 S.W.2d 797, 798 (Mo. banc 1985).
[2] The fifth amendment of United States Constitution, applicable to the states through the fourteenth amendment, declares that private property shall not "be taken for a public use, without just compensation." U.S. Const. amend. V. Similarly, the Missouri Constitution states, in nearly identical language, that "private property shall not be taken or damaged for public use without just compensation." Mo. Const. art. 1, § 26.
[3] MHTC does not question the Wolfes' utilization of inverse condemnation as the proper theory of recovery in an action concerning personal property, as opposed to real property, so such issue is not addressed.