STATE of Missouri, Appellant,

v.

Reginald BOYD, Respondent.

No. 74990.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 3, 1999.

Jeremiah W. (Jay) Nixon, Atty. Gen., Barbara K. Chesser, Asst. Atty. Gen., Jefferson City, for Appellant.

Nick A. Zotos, St. Louis, for Respondent.

SIMON, Judge.

The State of Missouri (State) appeals the dismissal of its information in lieu of indictment which it filed against Reginald Boyd (defendant), charging him with trafficking drugs, second degree, pursuant to section 195.223 RSMo 1994 (all further references shall be to RSMo 1994 unless otherwise noted). The State asserts its right to appeal under the authority of section 547.200.2.

On appeal, the State contends that the trial court "erred as a matter of law" in dismissing its information in lieu of indictment because the arrest of defendant was not unlawful in that the arresting officer was a peace officer of the City of University City having the authority to make the arrest in St. Louis County; moreover, even if the arresting officer were a peace officer of the City of St. Louis, the law of Missouri provides that peace officers of the City of St. Louis have the power to arrest persons in St. Louis County in emergency and non-emergency situations; furthermore, even if defendant's arrest were unlawful, the appropriate remedy is suppression of the evidence resulting from the arrest, not outright dismissal. We vacate and remand.

On matters of fact, when the trial court sits as finder of fact, we defer to its findings, recognizing its ability to judge the credibility of any witnesses and its right to believe or disbelieve any evidence, or portion thereof, presented to it. *State v. Seidt*, 805 S.W.2d 737, 738 (Mo.App.1991); *State v. Connor*, 651 S.W.2d 550, 555–56 (Mo.App.1983); *see also State v. Kriley*, 976 S.W.2d 16, 19 (Mo.App.1998). Nevertheless, on matters of law, we sit in the position of the trial court, able to construe constitutional, statutory and regulatory provisions like the trial court. *See Kriley*, 976 S.W.2d at 19. Therefore, we view the facts in the record in a light most favorable to the trial court's decision, but do not

defer to the trial court on its conclusions of law or its interpretation or application of the law. *Id.*

The record, viewed in a light most favorable to the trial court's ruling on the motion to dismiss, reveals that between January 1996 and March 1998, Detective William Anderson (Anderson) received paychecks from the City of University City, a political subdivision of St. Louis County, a county of the first classification having a charter form of government, but was supervised by police officers of the City of St. Louis, a city not within a county. Anderson began working for University City in approximately 1990 but was assigned to the City of St. Louis by the chief of University City's police at some point prior to January 1996. He was deputized as a police officer of University City, not as a police officer of the City of St. Louis, but was given a designated service number (DSN) in order to access the computer system of the City of St. Louis.

On August 5, 1996, Anderson applied for a search warrant in the Circuit Court of St. Louis County. Along with Detective Bobby Garrett (Garrett) of the City of St. Louis and other officers of said city, Anderson executed the search warrant in Wellston, a city in St. Louis County. Anderson arrested defendant, filed the return on the search warrant in the Circuit Court of St. Louis County, and "booked" defendant in University City.

On April 17, 1997, the grand jury of St. Louis County indicted defendant on one count of trafficking in the second degree, alleging that on or about August 5, 1996, at approximately 4:45 p.m., at 1570 Wellston Avenue in St. Louis County, he possessed six grams or more of a mixture of a substance containing a cocaine base, knowing of its presence and illegal nature.

On September 2, 1998, defendant filed his motion to dismiss, arguing that, pursuant to section 84.090(10) and *State v. Kilgore*, 771 S.W.2d 57 (Mo.banc 1989), Anderson and the officers accompanying him were without lawful authority to execute a search warrant and arrest him because they were outside their jurisdiction. Defendant contended that all powers of the Board of Police Commissioners of the City of St. Louis (Board) are granted pursuant to Chapter 84 of the Revised Statutes of Missouri and that the Board's authority, and that of its police officers, extends only to its jurisdictional boundary at the edge of the City of St. Louis.

On September 9, 1998, the State filed its information in lieu of indictment, which essentially tracked the indictment but listed as part of Anderson's address "C/O UNIVERSITY CITY POLICE DEPT" rather than "ST LOUIS CITY POLICE DEPT," as it appeared on the indictment. Furthermore, the information in lieu of indictment added Garrett's name. The trial court then held a hearing on defendant's motion. At the hearing, the State presented the testimony of Anderson; additionally, defendant and the State provided arguments to the trial court. At the end of the hearing, the trial court granted defendant's motion to dismiss.

■ In its sole point on appeal, the State maintains that the trial court "erred as a matter of law" in dismissing its information in lieu of indictment because the arrest of defendant was not unlawful in that the arresting officer was a peace officer of the City of University City having the authority to make the arrest in St. Louis County; moreover, even if the arresting officer was a peace officer of the City of St. Louis, the law of Missouri provides that peace officers of the City of St. Louis have the power to arrest persons in St. Louis County in emergency and nonemergency situations; furthermore, even if defendant's arrest was unlawful, the appropriate remedy is suppression of the evidence resulting from the arrest, not outright dismissal.

We initially note that the State's argument in its sub-point contending that dismissal of the information in lieu of the indictment was erroneous because the

proper remedy for an illegal arrest would be suppression of the evidence, was not raised at trial. However, defendant concedes State's sub-point in his brief. In any event, due to our disposition of the case, it is unnecessary for us to consider the State's sub-point. Therefore, we will review State's main point only.

In his brief, defendant characterizes *Kilgore* and section 84.090(10) as controlling here, but he neglects key factual distinctions that render both of those authorities inapplicable to the facts of the present case. Although our Supreme Court in *Kilgore* alludes to the fact that the State conceded that Kilgore's arrest in the County was illegal because the St. Louis City police exceeded their powers as limited by section 84.090(10), there is no indication as to how those powers were exceeded. *See Kilgore*, 771 S.W.2d 57. Further, no penalty was imposed on the State for its conceded violation of section 84.090(10) because the invalidity of the initial arrest was vanquished by a subsequent legal arrest. *See Id.* at 61.

In considering section 84.090(10), we find that it remains inapplicable as it only prohibits the Board and its officers from removing a person, following arrest, from a county outside the City of St. Louis, but contains no language limiting their power to arrest a person in that county. Here, defendant was not removed from St. Louis County following his arrest; rather, he was "booked" in University City. Thus, under the facts here, section 84.090(10) does not control.

Furthermore, in emphasizing section 84.090(10), defendant neglects the import of section 70.820.5, a provision that changed substantially between 1989, the year in which *Kilgore* was decided, and 1994, when it was amended. Prior to 1994, section 70.820.5 provided as follows:

> Any peace officer who responds to an emergency situation, pursuant to the provisions of this section, shall not be liable for civil damages for acts or omissions other than damages caused by the negligence or by willful or wanton acts or omissions by the peace officer in responding to the emergency situation.

In 1994, the legislature amended this provision to read as follows:

> In addition to the emergency response powers prescribed in subsection 1 of this section, any peace officer of a county of the first classification with a charter form of government, or any peace officer of any political subdivision within any county of the first classification with a charter form of government, or any peace officer of any city not within a county, who has completed the basic peace training program pursuant to chapter 590, RSMo, may arrest persons who violate any provision of state law within the boundaries of any county of the first classification or of any city not within a county.

The record indicates that Anderson made the arrest within the boundaries of St. Louis County, a county of the first classification that also has a charter form of government. Under section 70.820.5, whether Anderson was a peace officer of (1) University City, a political subdivision within St. Louis County; or (2) the City of St. Louis, a city not within a county, he had the authority to arrest defendant if (a) defendant violated section 195.223, a provision of state law; and (b) Anderson completed the basic peace training program, pursuant to Chapter 590 of the Revised Statutes of Missouri. The record does not indicate whether Anderson completed that program; therefore, we vacate the trial court's dismissal of the State's information in lieu of indictment and remand to the trial court for further proceedings consistent with this opinion.

Vacated and remanded.

PAUL J. SIMON, Presiding Judge, KATHIANNE KNAUP CRANE, J. and LAWRENCE E. MOONEY, J., concur.